MARIE C. CHILDERS v. DWAIN A. CHILDERS

No. 7325DC430

(Filed 22 August 1973)

1. **Courts § 21; Parent and Child § 10— Uniform Reciprocal Enforcement of Support Act — governing law**
   Under the Uniform Reciprocal Enforcement of Support Act, the law of the state where the obligor is found governs.

2. **Divorce and Alimony § 23— no finding of changed circumstances — increase in support error**
   Trial court erred in ordering an increase in the amount of child support due from respondent in the absence of any evidence and finding of any change in circumstances.

3. **Parent and Child § 10— Uniform Reciprocal Enforcement of Support Act — no statutory offense created**
   No statutory offense is created by the Uniform Reciprocal Enforcement of Support Act, and the trial court erred in finding respondent guilty as charged of inadequate support under the Act and in sentencing him to six months in jail, suspended on the payment of costs and $150 per month child support.

APPEAL by respondent from *Matheson, Judge,* 13 February 1973 Session of CATAWBA County District Court.

This action was instituted in the District Court of Catawba County on 29 January 1973 under the Uniform Reciprocal Enforcement of Support Act, G.S. Chap. 52A, upon receipt of a transmittal letter from the District Attorney of Muscogee County, Georgia, accompanied by the following petition:

"PETITION FOR SUPPORT (Filed Jan. 29, 1973)

UNIFORM SUPPORT OF DEPENDENTS ACT (sic)

(Georgia Laws 1958, page 34)

STATE OF GEORGIA        ⎫
COUNTY OF MUSCOGEE    ⎬

TO THE SUPERIOR COURT OF THE COUNTY OF MUSCOGEE:

THE PETITION OF Marie C. Childers respectfully shows:

1. THAT she is the wife of Dwain A. Childers (legally separated), the Respondent; that Petitioner was duly married to said Respondent on or about Sept. 18, 1966 In the State of North Carolina and now resides at 909 Farr Rd. Apt. # 51, Columbus, Ga.

2. THAT Petitioner is the mother and said Respondent is the father of the following named dependent:
1. Dawn Amber Childers, Born Oct. 22, 1969

3. THAT Petitioner and said child (is) (are) in need of and (is) (are) entitled to support from the Respondent under the provisions of the Uniform Support of Dependents Act (sic) (Ga. Laws 1958, page 34), a copy of which is attached and made a part hereof.

4. THAT Respondent, on or about Oct. 6, 1971 and subsequent thereto, refused and neglected to provide fair and reasonable support for Petitioner and other dependent according to his means and earning capacity;

Petitioner needs more money. Respondent sometimes deducts from support, has skipped a few payments. Respondent would not cooperate with the attorney in North Carolina when appointments etc. were made.

5. THAT, upon information and belief, Respondent now is residing or domiciled at Rt. 6, Box 351, Hickory, North Carolina which State has enacted a law substantially similar and reciprocal to the Uniform Support of Dependents Act (sic).

Childers v. Childers

WHEREFORE, the Petitioner prays for such an
Order for Support, directed to said Respondent,
as shall be deemed fair and reasonable, and for
such other and further relief as the law provides.

> s/ E. MULLINS WHISNANT
> Petitioner's Representative
> Solicitor General CJC
> Courthouse
> Columbus, Georgia

(Verified by Marie C. Childers on Jan. 17, 1973)."

The petition was transferred pursuant to an order entered in the following certificate:

"CERTIFICATE (Filed Jan. 29, 1973)

THE UNDERSIGNED, JUDGE of the Superior Court
of Muscogee County, State of Georgia, hereby
certifies:

THAT on the 17th day of January, 1973, a
Petition was verified by the above named
Petitioner and duly filed in this Court in a
proceeding against the above named Respondent
commenced under the provisions of the Uniform
Support of Dependents Act (sic) (1958 Georgia
Laws 34), to compel the support of the dependent
named in the petition.

THAT in the opinion of the undersigned
JUDGE, the petition sets forth facts from
which it may be determined that the Respon-
dent owes a duty of support, and that the
State of North Carolina responding state,
may obtain jurisdiction of Defendant or his
property.

WHEREFORE, it is hereby ORDERED that this
certificate together with the exemplified
copies of the Petition be transmitted to the
Court having jurisdiction of this case in
County of Catawba, City of Hickory, State
of North Carolina.

Dated January 17, 1973.

> s/ JOHN H. LAND
> Judge, Superior Court, C.J.C."

Childers v. Childers

Also filed with the petition and certificate was a certified copy of the Uniform Reciprocal Enforcement of Support Act in effect in Georgia, Ga. Laws 1958 p. 34, and the sworn affidavit of petitioner in which she stated the following: that respondent's last child support payment was $40, received on 31 December 1972; that respondent by order of the court was required to pay $80 per month child support; that her earnings were $400 per month; that respondent's salary was approximately $950 per month; that her rent was $104.37 per month; and that she needed $150 per month for the room and board of her child.

Upon receipt of the certified copy of the Georgia proceeding, notice was issued and served upon respondent, and a hearing was held before Judge Matheson, sitting without a jury, at which time petitioner's affidavit was read into evidence by her privately retained counsel. Respondent then testified that he and petitioner entered into a separation agreement on 6 October 1971 which gave custody of their minor child to petitioner and which required respondent to pay $80 per month child support, $40 on the 15th and $40 on the 30th of each month. Respondent further testified that he has always made these payments regularly and has never been in arrears. He also testified that his take-home pay is $784 per month with home expenses of $251.25 per month, $103.54 car payment each month, $92.09 in child support, life and hospitalization expenses for the child each month, and $267.37 for notes and personal bills. Respondent introduced the duly executed separation agreement into evidence by which he was required to pay $80 per month child support.

Upon the conclusion of the hearing the trial judge entered the following judgment:

"JUDGMENT OR OTHER DISPOSITION

W. J. Houck, Atty. for Defendant
Thomas C. Morphis, Atty. for Plaintiff
Offense: Reciprocal Support
Plea: Not Guilty
Verdict: Guilty

Judgment of the Court is that the defendant

Judgment is that the defendant be confined in the common jail of Catawba County for a period of 6 months to be assigned to work under the control and supervision of the State

Department of Correction. This sentence suspended for 5 years with the consent of defendant in open court upon the following terms and conditions:

(1) that the defendant pay the costs

(2) that the defendant pay into the office of the Clerk the sum of $150.00 per week beginning February 15, 1973 for the support of the minor child.

This 13 day of February, 1973.

s/ JOE K. MATHESON
Presiding Judge."

Pursuant to the above judgment, the trial judge entered an order on 16 February in which he stated the following:

"[I]t appearing to the Court that the defendant was guilty as charged of inadequate support under the Uniform Reciprocal Enforcement Support Act to his minor child, Dawn Amber Childers; and the Court finding as a matter of fact that the defendant is an able bodied man and has currently now take-home pay in the amount just under Seven Hundred Fifty ($750) Dollars per month and is, therefore, able to and should be required to pay One Hundred Fifty ($150.) Dollars per month for the support and maintenance of said minor child."

From the above judgment and order, respondent appealed.

*Attorney General Morgan, by Deputy Attorney General Vanore, and Associate Attorney Reed, for petitioner appellee.*

*Cagle and Houck, by William J. Houck, for respondent appellant.*

MORRIS, Judge.

[1] Respondent's appeal challenges the sufficiency of the evidence upon which the trial court ordered an increase in child support and also the failure of the trial court to make any finding of fact of "changed circumstances" upon which to justify an increase. Under the Uniform Reciprocal Enforcement of Support Act, it is the law of the state where the obligor

is found, or the "responding state," which governs. G.S. 52A-8. *Mahan v. Read,* 240 N.C. 641, 83 S.E. 2d 706 (1954).

In North Carolina it is well settled that while the marital and property rights of the parties under the provisions of a valid separation agreement cannot be ignored or set aside by the court without the consent of the parties, such agreements are not final and binding as to the custody of minor children or as to the amount to be provided for the support and education of such minor children. *Hinkle v. Hinkle,* 266 N.C. 189, 146 S.E. 2d 73 (1966); *Kiger v. Kiger,* 258 N.C. 126, 128 S.E. 2d 235 (1962); *Rabon v. Ledbetter,* 9 N.C. App. 376, 176 S.E. 2d 372 (1970). Yet where parties to a separation agreement agree upon the amount of the support and maintenance of their minor children, there is a presumption in the absence of evidence to the contrary, that the amount mutually agreed upon is just and reasonable and that upon motion for an increase in such allowance, a court is not warranted in ordering an increase in the absence of any evidence of a change of conditions. *Fuchs v. Fuchs,* 260 N.C. 635, 133 S.E. 2d 487 (1963). Similarly, G.S. 50-13.7(a) provides:

> "An order of a court of this State for custody or support, or both, of a minor child may be modified or vacated at any time, upon motion in the cause and a showing of *changed circumstances* by either party or anyone interested." (Emphasis added.)

[2] The order appealed from in the case *sub judice* contains no finding as to any change of circumstances. While petitioner did state in her affidavit that she needed $150 per month for the bed and board of her child, she introduced no evidence of any change in the needs of her child or that the amount provided for under the separation agreement was inadequate or unreasonable. In the absence of any evidence and finding of any change in circumstances, it was error for the trial court to order an increase in the amount of child support and we so hold.

[3] Also respondent contends that it was error for the trial court to find him "guilty as charged of inadequate support under the Uniform Reciprocal Enforcement of Support Act," and in sentencing him to six months in jail, suspended on the payment of costs and $150 per month child support.

> "A proceeding under the Uniform Reciprocal Enforcement of Support Act is a civil proceeding 'as in actions for ali-

mony without divorce.' G.S. 52A-12." *Cline v. Cline,* 6 N.C. App. 523, 528, 170 S.E. 2d 645 (1969).

While a trial court of a "responding state" may punish a respondent for noncompliance with its orders "as is provided by law for contempt of the court," G.S. 52A-15(3), and while certain provisions of the act provide for the interstate rendition of persons charged in other states with the crime of nonsupport, G.S. 52A-6, no statutory offense is created by the act and it was error for the trial court to treat it as such given the civil nature of the proceeding.

An examination of the finding of facts contained in the trial judge's order of 16 February 1973, set out above, reveals that the trial court was under a total misapprehension as to the applicable law, and for the reasons stated above, the judgment and order appealed from are

Reversed.

Judges BRITT and PARKER concur.