HERBERT A. SOPER v. JUDITH B. SOPER

No. 7521DC968

(Filed 7 April 1976)

Divorce and Alimony § 23— increase in child support provided in separation agreement

Defendant's evidence showed a substantial change in circumstances which supports the court's order increasing the amount plaintiff is to pay for child support from the $250 per month provided in a separation agreement to $700 per month where defendant testified that her expenses for the two children for the previous year amounted to $15,750 and that the major changes in her expenses for the children

---

Soper v. Soper

---

since signing the separation agreement were an additional $3000 expense for child care after she went back to work and increases due to inflation.

APPEAL by plaintiff from *Leonard, Judge.* Judgment entered 21 August 1975 in District Court, FORSYTH County. Heard in the Court of Appeals 16 March 1976.

Plaintiff instituted this action on 6 February 1975, seeking an absolute divorce on the ground of one-year separation. Defendant filed answer admitting the allegations of the complaint but alleging a further answer pertaining to custody of and support for the two children born to the marriage. As a part of her pleading, defendant set forth a separation agreement entered into by the parties on 28 August 1973 providing for alimony and custody of, and support for, the children. She alleged that there had been a change in conditions and that the amount of child support provided by the agreement was grossly inadequate.

Following a trial of the cause, the court entered judgment granting plaintiff an absolute divorce. The court also entered an order with respect to child custody and support, the provisions of which are summarized in pertinent part as follows:

The court found as facts that two children, ages 12 and 6 were born to the marriage; that under the separation agreement, plaintiff agreed to pay defendant $1,300 per month alimony, said sum to be reduced in the event defendant obtained employment by an amount equal to 50 percent of defendant's gross monthly income. Regarding support of the children (who are in defendant's custody), the agreement provided that plaintiff would pay defendant $125 per child per month; in addition thereto he would make payments on the house owned by the parties jointly, or on any other residence that defendant might acquire during the separation and before her remarriage, in an amount not to exceed $250 per month. At the time of the separation, plaintiff's annual income from his medical practice was approximately $66,000. In 1975 defendant became employed and as of 1 July 1975 was earning a gross annual salary of $15,000. Under the formula established by the agreement, as of 1 August 1975, alimony payments due defendant from plaintiff would be reduced from $15,600 per year to $8,100 per year, with no increase in child support payments. (Plaintiff did not except to these findings.)

The court further found that plaintiff's income for the first six months of 1975 exceeded $50,000 and a reasonable projection of his income for 1975 would indicate an income exceeding $105,000, or almost $40,000 more than his income for 1973 when the separation agreement was signed. (Although plaintiff excepted to this finding, the exception was not brought forward in an assignment of error.)

The court made the following findings of fact to which plaintiff noted and preserved exceptions:

> "The large amount of alimony provided by the original separation agreement when compared with the small amount provided for child support makes it patently obvious, and the court finds as a fact that the disparity resulted from a desire on the part of the plaintiff husband to get maximum tax benefits from payments made to the wife for her support and the support of the children, alimony payments being fully deductible to the husband while child support payments were not.

> "The total amount of money that is required to directly support and maintain the two minor children of the marriage in the style and manner to which they are accustomed is well in excess of $8,400.00 per year exclusive of housing needs, private schooling and dental and medical expenses.

> "The testimony of the wife and costs of supporting the children introduced into evidence by the wife in written form make it clear that the sum of $250.00 per month for the support of two minor children is totally inadequate, notwithstanding that the husband is paying the house payment, the private school expenses and the dental expenses of the children and maintaining insurance coverage for medical expenses. Certainly it is inadequate when viewed in the light of the husband's income and earning capacity, both at the time the separation agreement was entered and currently.

>                    *    *    *    *

> "The unusual inflationary spiral that has taken place since the separation agreement was entered is a factor which has added to the cost of supporting the children and has made even more inadequate what was already an inadequate amount for such support as set out under the original agreement."

The court also found as a fact, (plaintiff noting no exception to this finding), that defendant, by reason of her employment and under the schedule of child support and alimony provided in the agreement, has less money remaining after the payment of income taxes than she would have if she remained unemployed and continued to draw the full amount of alimony provided in the agreement.

The court made conclusions of law which include the following and to which plaintiff excepted:

> "Upon the foregoing findings of fact the Court concludes that by reason of the circumstances now existing between the parties as opposed to the circumstances which existed at the time the separation agreement was entered, and by reason of the fact that the amount for child support as provided in the original separation agreement was totally inadequate for their support, the Court is of the opinion that child support payments should be increased from the current level of $250.00 per month to a total of $700.00 per month, or $350.00 per child due to a substantial change of circumstances as well as the fact that the amount of support was inadequate from its inception.

> \*   \*   \*   \*

> "The Court is further of the opinion that the husband is well able to continue meeting the obligations imposed upon him by the separation agreement with respect to providing private schooling, medical care through insurance, making monthly payments on the residence occupied by the wife and children under the terms of the agreement and providing dental care for the children as agreed upon between the parties."

The court ordered that effective 1 August 1975 plaintiff would pay defendant for the support of the two children the sum of $700 per month; that in all other respects the terms of the separation agreement would remain unchanged. It further ordered that defendant pay her own counsel and that the cause be retained for further orders.

Plaintiff appealed from the order relating to child support.

Soper v. Soper

*Nelson, Clayton & Boyles, by Laurel O. Boyles, for plaintiff appellant.*

*Hatfield and Allman, by James W. Armentrout and Weston P. Hatfield, for defendant appellee.*

BRITT, Judge.

In his assignments of error, plaintiff contends the court erred in making the findings of fact and conclusions of law to which he preserved exceptions as indicated above, and in increasing the amount he is to pay for child support from $250 to $700 per month. We find no merit in the assignments.

In *Childers v. Childers,* 19 N.C. App. 220, 225, 198 S.E. 2d 485, 488 (1973), the legal principles controlling the instant case are stated as follows:

> "In North Carolina it is well settled that while the marital and property rights of the parties under the provisions of a valid separation agreement cannot be ignored or set aside by the court without the consent of the parties, such agreements are not final and binding as to the custody of minor children or as to the amount to be provided for the support and education of such minor children. *Hinkle v. Hinkle,* 266 N.C. 189, 146 S.E. 2d 73 (1966); *Kiger v. Kiger,* 258 N.C. 126, 128 S.E. 2d 235 (1962); *Rabon v. Ledbetter,* 9 N.C. App. 376, 176 S.E. 2d 372 (1970). Yet where parties to a separation agreement agree upon the amount of the support and maintenance of their minor children, there is a presumption in the absence of evidence to the contrary, that the amount mutually agreed upon is just and reasonable and that upon motion for an increase in such allowance, a court is not warranted in ordering an increase in the absence of any evidence of a change of conditions. *Fuchs v. Fuchs,* 260 N.C. 635, 133 S.E. 2d 487 (1963). . . ."

While both parties recognize the validity of the quoted principles, they disagree as to their applicability here. Plaintiff argues that the evidence presented at trial was not sufficient to show that the amount for child support agreed upon by the parties was unjust or unreasonable, or that there had been a substantial change of conditions. Defendant argues that the evidence was sufficient; we agree with defendant.

The evidence discloses that, at plaintiff's insistence, defendant was not represented by counsel in negotiating the terms of the separation agreement and that it was drafted by plaintiff's attorney. While defendant does not attack the validity of the agreement, she stresses this fact to explain why the agreement was written to provide plaintiff with income tax advantages. The evidence fully supports the findings of fact on that point.

In her testimony defendant clearly showed a substantial change in conditions between the date of the separation agreement and the date of the trial. She testified that as a result of returning to work she had to employ housekeepers or babysitters to be present when the children returned from school and remain with them until she arrived at home, at a cost of approximately $3,000 per year; that, based on cancelled checks and receipts, her expenses for the children during 1974 amounted to $15,750, which sum included clothing, food, transportation, entertainment, vacations and two-thirds of the cost of upkeep of the house; and that the major changes in her expenses for the children since signing the separation agreement were the additional $3,000 expense for child care and increases due to inflation.

While it might have been better for the court in its findings to have provided more detail on the $8,400 figure, we think, under the facts in this case and the evidence presented, that the findings are sufficient and hold that they are fully supported by the evidence. We further hold that the conclusions of law are supported by the findings of fact and fully warrant the order increasing child support payments.

The order appealed from is

Affirmed.

Judges PARKER and CLARK concur.