THE COUNTY OF STANISLAUS v. HARRY WESLEY ROSS, JR.

No. 781DC768

(Filed 5 June 1979)

1. **Parent and Child § 10— complaint under Uniform Reciprocal Enforcement of Support Act—earnings and employer of defendant**

    A complaint under the Uniform Reciprocal Enforcement of Support Act was not deficient because of its failure to state the name of defendant's employer or the amount of his earnings.

2. **Parent and Child § 10— complaint under Uniform Reciprocal Enforcement of Support Act—change in circumstances not necessary**

    A complaint for child support under the Uniform Reciprocal Enforcement of Support Act need not allege a substantial change in circumstances since the legislature intended that its enactment of G.S. 52A-21 would provide authority to the courts of this State to apply the Uniform Reciprocal Enforcement of Support Act so as to provide for the support of a minor child independent of and without regard for any other support judgments or whether there had been a change in the circumstances of either the child or its parents.

3. **Parent and Child § 10— Uniform Reciprocal Enforcement of Support Act—complaint as evidence**

    The trial court's findings of fact in an action brought under the Uniform Reciprocal Enforcement of Support Act were supported by competent evidence where the complaint was introduced into evidence and each of the court's findings was supported by allegations of fact set forth in the complaint. G.S. 52A-19.

4. **Parent and Child § 7— duty of father to support child**

   Where the trial court found that defendant was the father of the child for whom support was sought, the court properly concluded that defendant owed a duty of support to the child.

5. **Parent and Child § 7— earnings of $1700—child support of $200**

   A finding by the trial court that defendant has an income of $1700 per month is sufficient to support the court's conclusion that he has sufficient earning capacity to enable him to support his minor child in an amount of $200 per month although the court also found that defendant has expenses of $1710 per month, since defendant may not avoid his duty to support his minor child simply by spending all of the money he earns but must share his earnings with his minor child to the end that each may have a reasonable amount for support, with the minor child's reasonable needs for food, clothing and shelter taking priority.

APPEAL by defendant from *Beaman, Judge.* Order entered 9 June 1978 in District Court, DARE County. Heard in the Court of Appeals 3 May 1979.

This action for child support was instituted by the County of Stanislaus, State of California, by the filing of a complaint in the Superior Court of the State of California. The complaint alleged that the defendant, Harry Wesley Ross, Jr., is the father of Suzanne Gail Ross who was born on 11 December 1962. The complaint further alleged that the defendant has not provided reasonable support for the child since 10 September 1970 and continues to refuse to provide reasonable support for her. The child has lived in one of the plaintiff's foster homes since 10 September 1970. The plaintiff county has provided for the necessities of life and care of the child and has paid $750 in public assistance for the support of the child. The child is continuing to receive public assistance from the plaintiff at the rate of $200 per month, which amount the defendant is able to pay and is necessary for the support of the child. The Superior Court of the State of California certified that the plaintiff's complaint had been verified and transmitted the complaint and certification to the Clerk of the District Court for Dare County, North Carolina, pursuant to the provisions of the Uniform Reciprocal Enforcement of Support Act. G.S., Chap. 52A.

The defendant responded to the complaint by moving to dismiss on the ground that the complaint failed to state a claim upon which relief could be granted. In addition, the defendant

answered the allegations of the complaint by admitting that he was the father of Suzanne Gail Ross and denying all of the other allegations.

When the case was called for trial, the only evidence presented for the plaintiff county was the verified complaint. The only evidence presented for the defendant was a list of his income and expenses which was introduced as an exhibit. The trial court overruled the defendant's motion to dismiss at the close of all of the evidence. The trial court then made the findings of fact including the following: that the County of Stanislaus is a political subdivision of the State of California; that since 10 September 1970, the county has provided for the care and necessities of life for Suzanne Gail Ross; that Harry Wesley Ross, Jr. is the father of that child; that the father is residing or domiciled in Dare County, North Carolina; that since 10 September 1970, the father has refused to provide reasonable and adequate support for his child; that since 10 September 1970, the child has received public assistance in the amount of $750 and is continuing to receive public assistance in the amount of $200 per month; that the defendant father has a monthly income of approximately $1,700 and monthly expenses of approximately $1,710; and, that the defendant has sufficient earning capacity to enable him to support his child in the amount of $200 per month. Upon these findings of fact, the trial court concluded as a matter of law that the defendant owed a duty to support to his child; that the defendant is indebted to the plaintiff for public assistance paid for the support of his child; and, that the defendant has the ability to support his child in the amount of $200 per month. The trial court then ordered that the defendant pay the plaintiff, the County of Stanislaus, $750 plus $200 per month for the support of his child. From that order, the defendant appealed.

*Attorney General Edmisten, by Associate Attorneys Henry H. Burgwyn and R. James Lore, for plaintiff appellee.*

*Aldridge and Seawell, by G. Irvin Aldridge, for defendant appellant.*

MITCHELL, Judge.

[1]  The defendant first assigns as error the trial court's denial of his motion to dismiss for failure to state a claim upon which relief

can be granted. In support of this assignment, the defendant contends that the motion should have been granted because the complaint fails to state where he was employed or the amount of his earnings. We do not agree. The Uniform Reciprocal Enforcement of Support Act requires that the plaintiff's complaint "state the name and, so far as known to the plaintiff, the address and circumstances of the defendant and his dependents for whom support is sought and all other pertinent information." G.S. 52A-10. The complaint may, but is not required to, contain the name of the defendant's employer. As the complaint contained the name, address and circumstances of the defendant, as well as allegations that the plaintiff was entitled to child support payments from the defendant, it was not made defective by its failure to contain the name of the defendant's employer or the amount of the defendant's earnings.

[2]   The defendant further contends that the complaint failed to state a claim upon which relief could be granted because it did not allege a substantial change in circumstances. The defendant refers us to *Childers v. Childers*, 19 N.C. App. 220, 198 S.E. 2d 485 (1973), as authority for this contention.

The facts in the present case are distinguishable from those in *Childers*, and we do not find that case applicable. Unlike the situation in *Childers*, this case does not involve an action pursuant to G.S. 50-13.7 for an order which "modifies or supersedes" a prior order. Although the record indicates that a prior judgment was entered in California in 1964 requiring the defendant to pay $50 per month child support, that action was apparently initiated against the defendant by the mother of his minor child Suzanne Gail Ross. The present action, on the other hand, is an original action brought by the County of Stanislaus against the defendant and is independent of all other previous actions. The legislature apparently foresaw and provided for just such situations when it enacted G.S. 52A-21 which provides that "A support order made by a court of this State pursuant to [the Uniform Reciprocal Enforcement of Support Act] does not nullify and is not nullified by a support order made by a court . . . of any other state pursuant to a substantially similar act or any other law regardless of priority of issuance, unless otherwise specifically provided by the court." In such situations, that statute further provides for credits for payments pursuant to one support order

against amounts owned pursuant to the other. The legislature apparently intended that its enactment of G.S. 52A-21, after our opinion in *Childers*, would provide authority to the courts of this State to apply the Uniform Reciprocal Enforcement of Support Act so as to provide for the support of a minor child independent of and without regard for any other support judgments or whether there had been a change of circumstances of either the child or its parents. Therefore, it was not necessary that the complaint in the present case contain allegations of facts constituting changed circumstances. Additionally, we find this view consistent with the legislative intent that the remedies provided by the act be "in addition to and not in substitution for any other remedies" and that the act "be so interpreted and construed as to effectuate its general purpose to make uniform the law of those states having a substantially similar act." G.S. 52A-4; G.S. 52A-32. For the reasons previously discussed, this assignment of error is overruled.

[3] The defendant next assigns as error the trial court's findings of fact. He contends that those findings are not supported by the evidence. The defendant further contends that no evidence was presented for the plaintiff county. In an action brought under the Uniform Reciprocal Enforcement of Support Act, the complaint is "admissible as prima facie evidence of the facts therein stated. . . ." G.S. 52A-19. In the present case, the record on appeal clearly reflects that the complaint was introduced as evidence on behalf of the plaintiff county. Each of the trial court's findings of fact is supported by allegations of fact set forth in the complaint. Therefore, those findings of fact are supported by competent evidence. This assignment of error is overruled.

[4] The defendant next contends that the trial court erred in concluding that the defendant owed a duty of support. The trial court found that the defendant was the father of the child for whom support was sought. That finding was supported by competent evidence. A father owes a duty to support his minor child. G.S. 50-13.4(b); *Tidwell v. Booker*, 290 N.C. 98, 225 S.E. 2d 816 (1976). Therefore, the trial court did not err in its conclusion and the defendant's assignment of error is overruled.

[5] The defendant further assigns as error the trial court's conclusion that he has sufficient earning capacity to enable him to pay support in the amount of $200 per month. He concedes in his

County of Stanislaus v. Ross

brief that the complaint is sufficient to establish the child's needs, but contends that the evidence fails to show his ability to meet those needs. We do not agree.

The defendant's evidence supported the trial court's findings that his income is $1,700 per month and his expenses are $1,710 per month. These facts as found by the trial court do not reveal that the defendant is unable to pay $200 per month in child support; they merely tend to show that he cannot pay $200 per month and continue to maintain his present life-style. The defendant's evdence indicated that his expenses included among other things $100 per month for clothing, $183 per month for car payments, $100 per month for truck payments, $100 per month for automobile expenses, $90 per month for payments on a loan, and $341 per month for payments on a mortgage. If by reason of the trial court's judgment the defendant is required to survive with less clothing, less convenient transportation or less desirable housing, then so be it. He may not avoid his duty to support his minor child simply by spending all of the money he earns. The defendant must share his earnings with his minor child to the end that each may have a reasonable amount for support, with the minor child's reasonable needs for food, clothing and shelter taking priority. Absent extraordinary circumstances not presented by the facts of the present case, evidence that a defendant has an income of $1,700 per month, or substantially less for that matter, will be considered sufficient to support the trial court's conclusion that he has sufficient earning capacity to enable him to support his minor child in the amount of $200 per month. This assignment is without merit and is overruled.

The defendant has presented additional assignments of error. We find them without merit.

The judgment of the trial court must be and is hereby

Affirmed.

Judges PARKER and MARTIN (Harry C.) concur.