CHARLOTTE W. E. WINBORNE v. STANLEY WINBORNE III

No. 789DC848

(Filed 19 June 1979)

1. **Husband and Wife § 12.1— action to set aside separation agreement—husband's concealment of adultery—wife represented by attorney—no confidential relationship**

    Plaintiff wife's complaint failed to state a claim to set aside a separation agreement based on defendant husband's alleged fraudulent concealment of an adulterous relationship with another woman where plaintiff alleged she was represented by counsel during the negotiations concerning the separation agreement, since the confidential relationship between husband and wife no longer existed when the wife employed an attorney, and the husband was then under no duty to disclose the alleged adulterous relationship to the wife.

2. **Divorce and Alimony §§ 24.2, 25.2— support and custody of minors—effect of separation agreement**

    The existence of a valid separation agreement containing provisions relating to the custody and support of minor children does not prevent the wife from instituting an action for a judicial determination of those same matters.

APPEAL by plaintiff from *Allen (Claude W.), Judge.* Judgment entered 30 May 1978 in District Court, GRANVILLE County. Heard in the Court of Appeals on 21 May 1979.

This is a civil action instituted on 18 November 1977 wherein plaintiff seeks in the first count of her complaint to have set aside a separation agreement entered into between her and the defendant on 19 November 1976. Plaintiff's complaint contains the following allegations pertinent to this appeal:

6. That during the fall of 1976, the defendant, without just cause or provocation of any sort on the part of the plaintiff, announced to the plaintiff that their marriage was over; that the defendant further informed the plaintiff of his intention to live separate and apart from her and the children; that the defendant urged and encouraged the plaintiff to enter into a separation agreement, but offered no explanation of his feelings . . . that the plaintiff, being mindful of the best interests and welfare of the minor children, and in an attempt to stabilize her emotional upset, obtained counsel and had a separation agreement and property settlement prepared when the agreement tendered by the defendant appeared unsatisfactory.

7. That the plaintiff and the defendant entered into a separation agreement and property settlement on November 19, 1976 . . .

8. That the plaintiff is informed, and said information she verily believes to be true, that during the spring, summer and fall of 1976, the defendant was carrying on an illicit, open and notorious affair with another woman. . . .

9. That the plaintiff's agreement to enter into the separation and property settlement agreement aforementioned was obtained through the fraudulent concealment by the defendant of his adulterous relationship; that the defendant, with the intent to conceal this relationship, did deceive the plaintiff and prevent the plaintiff from establishing any claim for alimony; that he represented to the plaintiff that their separation was the sole result of his incompatibility and no other cause; and that the plaintiff did rely upon and was thereby deceived by these statements.

By the second count of her complaint plaintiff alleges that she "has exclusive custody and control of the minor children born of the marital union and is a fit and proper person to continue to

have exclusive custody and control of the minor children." Plaintiff further alleged that "since the separation, defendant has been paying to the plaintiff the sum of $300.00 per month for the support and maintenance of the minor children born of the union, and that said sums are totally inadequate to provide a decent standard of living." Plaintiff prays for alimony *pendente lite*, permanent alimony, sole and exclusive custody of the minor children, sole and exclusive possession of the marital residence, support for the minor children, and counsel fees.

From the record it further appears that the defendant instituted a separate action in Wake County on 21 November 1977 for an absolute divorce from the plaintiff based on one year's separation. On 27 December 1977, plaintiff filed a motion for a change of venue and consolidation seeking to have the action instituted in Wake County moved and tried with her action in Granville County. On 12 January 1978, defendant filed an answer and a motion to dismiss the Granville County action for failure to state a claim upon which relief may be granted pursuant to G.S. § 1A-1, Rule 12(b)(6). On 30 May 1978, the trial judge entered an Order concluding that "the Plaintiff's causes of action fail to state claims upon which relief can be granted and should be dismissed, and upon this ruling, the Motions of the Plaintiff as to venue and consolidation are moot." Plaintiff appealed.

*Blackwell M. Brogden and Blackwell M. Brogden, Jr., for plaintiff appellant.*

*Vaughan S. Winborne for defendant appellee.*

HEDRICK, Judge.

The one question presented by this appeal is whether the trial court erred in allowing defendant's motion to dismiss plaintiff's action for failure to state a claim upon which relief could be granted.

In North Carolina a complaint should not be dismissed for failure to state a claim upon which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. A complaint may be dismissed on motion if clearly without any merit; and this want of merit may consist in an absence of law to sup-

port a claim or in the disclosure of some fact that will necessarily defeat the claim. A complaint should not be dismissed for insufficiency unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts that could be proved in support of the claim. *Sutton v. Duke*, 277 N.C. 94, 176 S.E. 2d 161 (1970); *Federal Deposit Insurance Corp. v. Loft Apartments Ltd. Part.*, 39 N.C. App. 473, 250 S.E. 2d 693 (1979); *Gallimore v. Sink*, 27 N.C. App. 65, 218 S.E. 2d 181 (1975).

[1] Plaintiff contends that she has sufficiently stated various claims for relief. In support of her contention, plaintiff argues that defendant had a duty to disclose the existence of his adulterous relationship because of the confidential relationship that exists between a husband and wife, *see Fulp v. Fulp*, 264 N.C. 20, 140 S.E. 2d 708 (1965), that his failure to disclose such fact amounted to a misrepresentation, and therefore, the separation agreement is invalid under the rule in *Eubanks v. Eubanks*, 273 N.C. 189, 196, 159 S.E. 2d 562, 567 (1968), because she was induced to enter into it without "full knowledge of all the circumstances, conditions, and rights of the contracting parties."

Plaintiff's claim to set aside the separation agreement for fraud must fail for the following reason: A crucial element of plaintiff's claim is a duty on the part of the defendant to diclose the existence of his alleged adulterous relationship. Plaintiff has negated this element by alleging in her complaint that she was represented by counsel during the negotiations concerning the separation agreement. When the wife employs an attorney, and, through counsel, deals with her husband as an adversary, the confidential relationship between husband and wife no longer exists. *Joyner v. Joyner*, 264 N.C. 27, 140 S.E. 2d 714 (1965). *See also Murphy v. Murphy*, 34 N.C. App. 677, 239 S.E. 2d 597 (1977), *rev'd on other grounds*, 295 N.C. 390, 245 S.E. 2d 693 (1978). Thus the facts alleged in plaintiff's complaint affirmatively show that the defendant was under no duty to disclose to the plaintiff the existence of the purported adulterous relationship. Plaintiff has pleaded an insurmountable bar to her claim to have the separation agreement set aside, and the first count of her complaint was properly dismissed.

Plaintiff concedes in her brief that her claims for alimony *pendente lite* and permanent alimony are dependent upon her

claim to have the separation agreement set aside. *See Eubanks v. Eubanks, supra.* We agree. Since the plaintiff has pleaded an insurmountable bar to her claim for vacation of the separation agreement, her claims for alimony *pendente lite*, permanent alimony, and counsel fees under G.S. § 50-16.4 must also fail. Thus, the portions of her second cause of action alleging those claims were also properly dismissed.

[2]     Finally, we consider plaintiff's remaining claims for custody and support of the parties' minor children. Under the separation agreement the plaintiff was awarded the custody and control of the minor children and defendant agreed to pay $300.00 per month for the support of the children. Plaintiff alleged in her complaint that "since the separation, defendant has been paying to the plaintiff the sum of $300.00 per month for the support and maintenance of the minor children."

The right to institute an action for custody of minor children is granted by G.S. § 50-13.1, and the right to institute an action for support for them is granted by G.S. § 50-13.4. When a case is properly before it, the court has the "duty to award custody in accordance with the best interests of the child, and no agreement, consent or condition between the parents can interfere with this duty or bind the court." *Spence v. Durham,* 283 N.C. 671, 684-85, 198 S.E. 2d 537, 546 (1973). Thus, the existence of a valid separation agreement containing provisions relating to the custody and support of minor children does not prevent one of the parties to the agreement from instituting an action for a judicial determination of those same matters. However, a valid separation agreement "cannot be ignored or set aside by the court without the consent of the parties," *Hinkle v. Hinkle,* 266 N.C. 189, 195, 146 S.E. 2d 73, 77 (1966), and "there is a presumption in the absence of evidence to the contrary, that the amount mutually agreed upon is just and reasonable." *Fuchs v. Fuchs,* 260 N.C. 635, 639, 133 S.E. 2d 487, 491 (1963). *See also Soper v. Soper,* 29 N.C. App. 95, 223 S.E. 2d 560 (1976); *Childers v. Childers,* 19 N.C. App. 220, 198 S.E. 2d 485 (1973).

In the present case, we cannot say that the plaintiff has pleaded an insurmountable bar to the custody and child support claims alleged in the complaint, or that she will be unable to prove at trial facts in support of those claims. We hold, therefore,

that the trial court erred in dismissing the claim for custody and support for the children and counsel fees for plaintiff's attorney in prosecuting this claim.

In the Order dismissing plaintiff's action, the trial judge stated that the plaintiff's motion for change of venue and consolidation was "moot." Since the plaintiff's action with regard to custody and support should not have been dismissed, on remand there must be a ruling by the trial judge on this motion.

The result is: That the portion of the judgment dismissing plaintiff's action to have the separation agreement set aside, for alimony *pendente lite* and permanent alimony, and for counsel fees for those claims is affirmed; that portion of the judgment dismissing plaintiff's claims for custody of and support for the minor children, and for counsel fees as authorized under G.S. § 50-13.6 is reversed; and the cause is remanded to the District Court of Granville County for further proceedings, including a ruling on plaintiff's motion for change of venue and consolidation.

Affirmed in part; reversed in part; and remanded.

Chief Judge MORRIS and Judge WEBB concur.