Forbis v. Honeycutt

---

CLINTON S. FORBIS, JR. AND WIFE, NANCY M. FORBIS v. GERALD DOUGLAS HONEYCUTT AND WIFE, PATRICIA ARROWOOD HONEYCUTT

No. 8019SC22

(Filed 5 August 1980)

**Brokers and Factors § 3– listing agreement with real estate agent – no power to enter contract to convey**

In an action for specific performance of a contract to convey certain real property, plaintiff's complaint was insufficient to state a claim for relief where plaintiffs alleged a listing agreement between defendants and their real estate agent, their offer to purchase, and delivery of $600 earnest money, but the listing agreement did not vest in the real estate agent the authority to enter into a binding contract to convey the disputed property.

Judge WEBB dissenting.

APPEAL by plaintiffs from *Mills, Judge.* Judgment entered 19 November 1979 in Superior Court, CABARRUS County. Heard in the Court of Appeals 23 May 1980.

This action was brought by plaintiffs on 21 August 1979 seeking specific performance of a contract to convey certain real property situated in Cabarrus County. In their complaint plaintiffs alleged defendants are the owners of real property located in Cabarrus County and that on 13 July 1979 defendants executed an exclusive listing contract wherein the property was listed for sale for $62,500 with Kiser Beaver Real Estate, Inc. The listing contract was attached to and incorporated into the complaint. Plaintiffs further alleged that they executed a written offer to purchase the property, and delivered the offer to Kiser Beaver Real Estate, Inc. together with earnest money in the amount of $600.00. Plaintiffs alleged that they were ready, willing and able to comply with their offer to purchase, but that defendants refused to execute a deed to them. Plaintiffs prayed that defendants be required to execute a warranty deed to them, free of encumbrances, upon payment of $62,500.00.

Defendants answered, alleging as a first defense that plaintiffs' complaint failed to state a claim against defendants upon which relief can be granted. Defendants admitted their ownership of the property, the execution by them of the listing agreement, the execution by plaintiffs of their offer to purchase and their delivery of the earnest money, and admitted that they had refused to deliver a deed to plaintiffs.

Defendants moved to dismiss under G.S. 1A-1, Rule 12(b)(6) on the grounds that the complaint failed to state a claim upon which relief could be granted. Following a hearing, their motion to dismiss was allowed. Plaintiffs appeal from that order.

*Hartsell, Hartsell & Mills, P.A., by W. Erwin Spainhour, for the plaintiff appellants.*

*Carroll & Scarbrough, by James F. Scarbrough, for the defendant appellees.*

WELLS, Judge.

We hold that the trial court correctly dismissed plaintiffs' complaint. The argument in this case is not over the question of whether plaintiffs' statement of their claim is adequate to give

---

Forbis v. Honeycutt

---

defendants sufficient notice of the claim asserted to enable them to answer and defend. The factual details set out in the complaint are clear. The argument is whether plaintiffs' claim is legally sufficient.

Our courts have held that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff could prove no set of facts in support of the claim which would entitle plaintiff to relief. The rule generally precludes dismissal except in those cases where the face of the complaint discloses some insurmountable bar to recovery. *Newton v. Insurance Co.*, 291 N.C. 105, 229 S.E. 2d 297 (1976); *Sutton v. Duke*, 277 N.C. 94, 176 S.E. 2d 161 (1970); *Winborne v. Winborne*, 41 N.C. App. 756, 255 S.E. 2d 640 (1979). In that defendants have admitted the essential allegations of the complaint, we are presented with a clean, clear question of law as to the legal consequences of defendants' execution of the listing agreement and plaintiffs' responding offer to purchase.

The listing agreement is between defendants, as owners of the disputed property, and Kiser Beaver Real Estate, Inc. defendants' agent. The key provisions of the listing agreement are as follows:

> That in consideration of the mutual covenants herein set forth below, the parties each agree with the other:
>
> The Owner hereby gives to the Agent the exclusive right to sell the property hereinafter listed at the price and upon the terms set forth below or at such other price as the parties hereto may agree upon. This listing contract shall continue until midnight, the last hour of 13 October 1979.
>
> Property to be sold: 1616 Longbow Drive, Kannapolis, North Carolina 28081
>
> Sale Price: Sixty two thousand five hundred dollars Dollars ($62,500.00).

\*   \*   \*

It is understood and agreed that if the property is sold during the period set forth herein, Owner will execute and deliver a fee simple deed with the usual covenants of warranty, subject only to current ad valorem taxes (which are to be prorated on the calendar year basis to the date of closing the transaction), existing easements, rights-of-way, and restrictive covenants, if any, and the following encumbrances ... :

1st Mortgage – Citizens S & L, Kannapolis Bal. 24,500.00 Payment 266.00 PIT 9% loan

Owner agrees to give a purchaser possession of the property by at the time of final settlement.

The Owner agrees to enter into contract of sale with and to convey said property by good and sufficient deed with usual warranties to such ready, willing and able purchaser for the price and on the terms and conditions herein stated ... .

\* .\* .\*

Plaintiffs argue that the listing agreement, their offer to purchase, and the delivery of the $600 earnest deposit, all taken and considered together, formed the basis of a contract of sale and purchase between them and defendants. While accepting, *arguendo*, the proposition that plaintiffs' offer to purchase might ultimately be construed as an acceptance of defendants' offer to sell, this is not the dispositive or determining aspect of this case. The threshold question in this case is whether the listing agreement vested in the real estate agent the authority to enter into a binding contract to convey the disputed property. We hold that it does not. While this appears to be a case of first impression in this State, and we therefore have no precise precedent in North Carolina, cases from the great majority of jurisdictions in the United States hold that a real estate broker listing agreement such as the one in this case does not confer such authority on the broker.

A real-estate broker, under an ordinary contract of employment, has no implied authority to execute a contract of sale in behalf of his principal. Such authority must be specifically conferred upon him or necessarily implied from the terms of the particular contract or the particular circumstances . . . .

***[T]he limited power inherent in the conventional relationship of owner and broker [is] merely to find a purchaser with whom the owner may negotiate with the object of entering into a contract of sale . . . .

It has been held that there is no implied authority to execute a contract of sale from a mere listing of the property with a broker, even though the owner specifies the terms of the sale; from a mere employment to find a purchaser or to sell real estate, even though an exclusive power of sale is given; from an employment to negotiate or effect a sale; from an authorization to accept a deposit or close a deal or bargain, from merely giving the broker a specified price at which the property is to be sold; from a request for a further report from the broker; or from an acceptance of an offer from the broker . . . .

12 Am. Jur. 2d, Brokers § 71, pp. 824-826 (1964). *See also*, Annot., *Power of Real-Estate Broker to Execute Contract of Sale In Behalf of Principal*, 43 A.L.R. 2d 1014 (1955). The thrust of these cases is supported by dicta in *Combes v. Adams*, 150 N.C. 64, 63 S.E. 186 (1908). Since a real estate broker is commonly understood to be an agent with restricted powers, one who deals with him is held to a knowledge of the extent of the agent's authority. *Strickland v. Bingham*, 227 N.C. 221, 41 S.E. 2d 756 (1947). We note that plaintiffs in this case have not alleged either that defendants themselves accepted plaintiffs' offer to purchase or that defendants authorized their agent to accept the offer.

The order of the trial court must be

Affirmed.

Judge MARTIN (Harry C.) concurs.

Hammers v. Lowe's Companies

Judge WEBB dissents.

Judge WEBB dissenting:

I dissent from the majority. I believe that it was error to dismiss the action because the plaintiff could recover under some set of facts as alleged in the complaint. It appears to me that the listing agreement authorized Kiser Beaver Real Estate, Inc. to sell the property. If the evidence shows that plaintiff accepted the offer to sell as made through defendant's agent, this made a valid contract to convey. I vote to reverse the judgment of the superior court.